FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2017
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PAULA SUZANNE TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>CASITAS MUNICIPAL WATER DISTRICT; STEPHEN E. WICKSTRUM AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.: 2:16-cv-07864-BRO-E<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>[Accompanied by Joint Stipulation for Protective Order] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

After consideration of the Court's Minutes and Order re Motion regarding Plaintiff's Motion To Compel Production, and in light of the accompanying Stipulation of the parties, to govern the use and dissemination of the documents and things to be produced to Plaintiff's counsel, the Court hereby makes the following order:

1. Because the information contained in the documents or items produced or to be produced by Defendant CASITAS MUNICIPAL WATER DISTRICT (hereinafter "Defendant"), in response to Plaintiff's Request for

Production of Documents Nos. 15 and 16, may contain statements, documents and information that are personal and confidential information as to "the employee" (for purposes herein the employee whose records are being produced is referred to as "the employee") the Defendants, and/or others employed at the CASITAS MUNICIPAL WATER DISTRICT, this Protective Order is intended to protect such confidential and personal information contained in response to Plaintiff's Request for Production of Documents Nos. 15 and 16.

2. All documents and/or information, including information derived therefrom, (collectively, "Confidential Information") produced by Defendant pursuant to Plaintiff's Requests to Produce Nos. 15 and 16, consisting of any allegations of misconduct of the employee on and after June 25, 2016, and any discipline administered to the employee for allegations of misconduct on or about June 25, 2016, pursuant to the Order on Plaintiff's Motion to Compel, as well as any responsive investigative reports or other writings contained in such production, will be covered by this Protective Order.

3. All Confidential Information produced shall be marked CONFIDENTIAL. If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

4. All Confidential Information produced in accordance with the Order shall not be used other than in the instant case, nor shall the Confidential Information be disseminated in any form, to any person, except to counsel of record for the parties and their retained experts, except by court order, or until such

time as the "Confidential" designation is removed by agreement of counsel for the parties or by further order of this Court.

5. For the purposes of this document production, until further Order of the Court, the names of employees which appear in the production documents shall be redacted.

6. Confidential Information shall be viewed only by: (1) counsel of record for the Plaintiff and (2) independent experts retained by Plaintiff including any associates, assistants, and secretarial personnel of such experts, so long as they have agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order. In the event an individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

7. Should the parties hereto seek to utilize the documents provided herein in connection with any court proceedings, or motions, the documents pertinent thereto shall be filed under seal. Should the parties hereto seek to utilize the Confidential information provided herein at trial, the Confidential Information shall be presented to the Court under seal, until such time as the Court determines whether the Confidential information is admissible at trial. If the Court determines the Confidential material to be admissible, then the Court and its staff, and/or jury may review said Confidential Information in open court in order to determine issues before the Court.

8. In the event that any Confidential Information is used or referred to during the course of any court proceeding in this action, such Confidential Information shall not lose its confidential status through such use.

9. If counsel for the parties determine to use the Confidential information at deposition proceedings, then the portion of the transcript containing

reference to or testimony about the Confidential information, and any exhibits consisting of the Confidential information shall be separately bound, under seal.

10. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

11. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order.

12. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

13. Defendant's date of production of the Confidential Information shall be on or within seven (7) days after the Court's approval of this Protective Order.

It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

**IT IS SO ORDERED.**

Dated: 10/17/17

Hon. [insert name] Charles F. Eick
Magistrate Judge, United States District Court